Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Jamie Fountain (SBN 316567)
jfountain@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, CA 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

**Attorneys for Plaintiffs**
**Tapestry, Inc., Coach Services, Inc.,**
**and Coach IP Holdings LLC**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAPESTRY, INC., a Maryland Corporation; COACH SERVICES, INC, a Maryland Corporation; and COACH IP HOLDINGS LLC, a Delaware Limited Liability Company<br><br>Plaintiffs,<br><br>v.<br><br>TRIPLE FIVE INTERNATIONAL, INC., a California Corporation; and DOES 1-10, inclusive<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF:**<br><br>**1. FEDERAL TRADEMARK INFRINGEMENT**<br><br>**2. FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING**<br><br>**3. TRADEMARK INFRINGEMENT UNDER CALIFORNIA COMMON LAW**<br><br>**4. UNFAIR COMPETITION CALIFORNIA UNFAIR BUSINESS PRACTICES ACT, CAL. BUS. & PROF. CODE, § 17200, *ET SEQ.***<br><br>**5. UNFAIR COMPETITION UNDER CALIFORNIA COMMON LAW**<br><br>**[JURY TRIAL DEMANDED]** |

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Plaintiffs Tapestry, Inc., Coach Services, Inc., and Coach IP Holdings LLC (collectively, "Plaintiffs" or "Coach") through their undersigned counsel, for their claims against Defendant Triple Five International, Inc. ("Defendant" or "Triple Five") respectfully allege as follows:

## NATURE OF THE ACTION

1.     This is an action for trademark counterfeiting, trademark infringement and unfair competition under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and for related claims of trademark infringement and unfair competition under the statutory and common law of the state of California.

## JURISDICTION AND VENUE

2.     Jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to 15 U.S.C. §§ 1121, 1331, and 1338(a).  This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a).

3.     This Court has personal jurisdiction over Defendant because Defendant maintains its headquarters and/or resides in and has committed acts of infringement in this district.

4.     Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because the Defendant maintains its headquarters in this judicial district and the events giving rise to the claims in this action occurred within this judicial district.

## THE PARTIES

5.     Plaintiff Tapestry, Inc. is a corporation duly organized and existing under the laws of the state of Maryland, with its principal place of business in New York, New York.

6.     Plaintiff Coach Services, Inc. is a corporation duly organized and existing under the laws of the state of Maryland with its principal place of business in Jacksonville, Florida. Coach Services, Inc. is a wholly owned subsidiary of Tapestry,

Inc.

7.     Plaintiff Coach IP Holdings LLC is a limited liability company duly organized and existing under the laws of the state of Delaware with its principal place of business in New York, New York. Coach IP Holdings LLC is a wholly owned subsidiary of Tapestry, Inc.

8.     Upon information and belief, Defendant Triple Five, Inc. is a corporation duly organized and existing under the laws of the state of California, with a principal place of business located at 956 W. 10th Street, Azusa, California 91702.

9.     Plaintiffs Tapestry, Inc., Coach Services, Inc., and Coach IP Holdings LLC (hereinafter collectively, "Plaintiffs" or "Coach") are unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sue them by their fictitious names.  Plaintiffs will seek leave to amend this complaint when their true names and capacities are ascertained.  Plaintiffs are informed and believe and based thereon allege that said Defendant and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

10.     Plaintiffs are informed and believe, and based thereon allege, that at all relevant times herein, Triple Five and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Plaintiffs further allege that Triple Five and DOES 1 through 10, inclusive, have a non-delegable duty to prevent and/or remedy such acts and the behavior described herein, which duty Triple Five and DOES 1 through 10, inclusive, failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

**A.     The World-Famous Coach Brand and Products**

11.     Coach was founded in 1941 as a family-run workshop in Manhattan, New York.  Since then, Coach has been engaged in the manufacture, marketing and sale of fine leather and mixed material products, including, but not limited to, handbags, wallets, accessories, eyewear, footwear, clothing, outerwear, jewelry, and watches (collectively, the "Coach Products").  Coach Products are sold throughout the United States, including in California, through Coach retail and outlet stores, through various department stores, and on the Internet at www.coach.com and www.coachoutlet.com.

12.     Coach Products have become enormously popular and even iconic, driven by the brand's arduous quality standards and innovative designs.  Among the purchasing public, genuine Coach Products are instantly recognizable as such.

13.     Both in the United States and internationally, the Coach brand symbolizes high quality, and Coach Products are among the most recognizable handbags and accessories in the world.  Whether made entirely of leather or in combination with printed or other components, genuine Coach Products are greatly coveted as premier fashion accessories of the highest quality.

14.     The unique mix of function, workmanship, fashion, and style that goes into each and every genuine Coach Product, as well as the brand's exclusive cachet, results in Coach Products commanding a relatively high price at retail.  The brand's loyal customer base willingly pays more for genuine Coach Products than they would pay for lesser products because Coach Products are of higher quality and durability than competitors' products and because of the prestige associated with genuine Coach Products.

**B.     The Coach Trademarks**

15.     Since 1941, high quality leather goods have been sold under the COACH trademark (the "COACH Mark").  Over time, the types of goods sold under the COACH Mark have expanded extensively to include all Coach Products, and Coach Products have long been among the most popular luxury lifestyle items.  The COACH Mark itself is iconic, symbolizing a unique blend of fashion, craftsmanship, style, and

function, whether associated with handbags or other Coach Products.

16.     Coach owns the trademark and trade name COACH for Coach Products, as well as numerous other highly distinctive marks, including, but not limited to, those pictured here:



**The "Signature C Mark"**



**The "Coach Lozenge"**



**The "Coach New York Mark"**



**The "Horse and Carriage Logo"**



**Collectively, the "Story Patch"**



COACH 1941

**The "Coach 1941 Mark"**



**The "Hangtag Design"**

17.     Coach incorporates a variety of distinctive marks in the design of its various handbags, wallets, and other Coach Products. Coach Products typically include at least one federally registered trademark, although often several registered trademarks appear on a single Coach Product. These trademarks are also used in connection with the marketing of Coach Products. Coach and its predecessors have achieved annual sales volume of more than four billion dollars on products bearing Coach's trademarks. As such, Coach's trademarks, and the goodwill associated therewith, are among some of its most valuable assets.

18.     Coach and its predecessors have registered many of its trademarks, including, *inter alia,* the following marks attached hereto and incorporated as **Exhibit**

**A**, which are collectively referred to as the "Coach Trademarks".

19.    The registrations for the Coach Trademarks are valid, subsisting, in full force and effect and a majority have become incontestable pursuant to 15 U.S.C. § 1065.  All registrations originally held in the name of Coach's predecessors, Sara Lee Corporation, Saramar Corporation, and Coach Services, Inc. have been assigned in full to Coach IP Holdings LLC.

20.    The Coach Trademarks, including the COACH Mark, Coach Lozenge, Coach 1941 Mark, Hangtag Design, Coach New York Mark, Story Patch, Horse and Carriage Logo and Signature C Mark at issue in this case, have been continuously used and have never been abandoned.

21.    The registration of the Coach Trademarks constitutes *prima facie* evidence of their validity and conclusive evidence of Coach's exclusive right to use the Coach Trademarks in connection with the goods identified therein and on other commercial goods.

22.    The registrations of the Coach Trademarks also provide sufficient notice to Defendant of Coach's ownership of and exclusive rights in the Coach Trademarks.

23.    Coach has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Coach Trademarks, including the COACH Mark, Coach Lozenge, Coach 1941 Mark, Hangtag Design, Coach New York Mark, Story Patch, Horse and Carriage Logo and Signature C Mark. As a result, products bearing the Coach Trademarks are widely recognized as being high quality products and are exclusively associated by consumers, the public, and the trade with the Coach brand owned by Coach.  The Coach Trademarks have therefore acquired strong secondary meaning and signal to consumers that Coach is the exclusive source of Coach Products bearing the Coach Trademarks.

24.    The Coach Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1).

**C.    Defendant's Acts of Infringement and Unfair Competition**

25.    The present lawsuit arises from Defendant's design, manufacture, importation, distribution, advertisement, marketing, offering for sale, and sale of products which infringe upon Plaintiff's rights to the Coach Trademarks, including the COACH Mark, Coach Lozenge, Coach 1941 Mark, Hangtag Design, Coach New York Mark, Story Patch, Horse and Carriage Logo and Signature C Mark (hereinafter referred to as the "Accused Products").

26.    On or around September 13, 2022, U.S. Customs and Border Protection ("CBP") seized approximately 689 goods bearing logos, source identifying indicia, and design elements that are studied imitations of one or more of the Coach Trademarks, including the COACH Mark, Coach Lozenge, Coach 1941 Mark, Hangtag Design, Coach New York Mark, Story Patch, Horse and Carriage Logo and Signature C Mark. The Accused Products seized by CBP were imported by Triple Five. Exemplars of the Accused Products seized by CBP are shown below:

 

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**








27.    Coach was subsequently notified of CBP's seizure of the Accused Products from Defendant.

28.    Upon information and belief Defendant's specific conduct includes, among other things, the offering for sale and sale of handbags, backpacks, wallets, and other goods bearing marks and designs that are substantially indistinguishable from and/or confusingly similar to one or more of the Coach Trademarks including the COACH Mark, Coach Lozenge, Coach 1941 Mark, Hangtag Design, Coach New York Mark, Story Patch, Horse and Carriage Logo and Signature C Mark.

29.    Defendant has no license, authority, or other permission from Plaintiffs to use any of the Coach Trademarks in connection with the designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale of the Accused Products.

30.    Defendant has been engaging in the above-described illegal and infringing activities negligently and/or knowingly and intentionally, with reckless disregard or willful blindness to Plaintiffs' rights, and/or with bad faith, for the purpose of trading

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

on the goodwill and reputation of the Coach Trademarks including the COACH Mark, Coach Lozenge, Coach 1941 Mark, Hangtag Design, Coach New York Mark, Story Patch, Horse and Carriage Logo and Signature C Mark, and Plaintiffs' products.

31.    Defendant's activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Defendant, the Accused Products, and Coach.

32.    Upon information and belief, Defendant intends to continue to design, manufacture, advertise, promote, import, distribute, sell, and/or offer for sale the Accused Products.

33.    As a result of Defendant's activities Plaintiffs have suffered substantial damages and have suffered and continue to suffer irreparable injury without an adequate remedy at law.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement and Counterfeiting– 15 U.S.C. § 1114)

34.    Plaintiffs repeat and reallege the allegations of the preceding paragraphs as though fully set forth herein.

35.    Defendant without authorization from Coach, has used and continues to use in commerce counterfeit imitations of the federally registered Coach Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods; and/or spurious designations that are confusingly similar to the COACH Mark, Coach Lozenge, Coach 1941 Mark, Hangtag Design, Coach New York Mark, Story Patch, Horse and Carriage Logo and Signature C Mark.

36.    The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendant's Accused Products originate from, or are affiliated with, sponsored by, or endorsed by Coach.

37.    Upon information and belief, Defendant has acted with knowledge of Plaintiffs' ownership of the COACH Mark, Coach Lozenge, Coach 1941 Mark,

Hangtag Design, Coach New York Mark, Story Patch, Horse and Carriage Logo and Signature C Mark, and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

38.     Defendant's acts constitute trademark infringement and counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

39.     Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

40.     Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

41.     Defendant's acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

42.     In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendant from using the Coach Trademarks or any other marks identical and/or confusingly similar thereto for any purpose, and to recover from Defendant all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C. § 1117(c).

## SECOND CLAIM FOR RELIEF

**(False Designation of Origin and False Advertising – 15 U.S.C. § 1125(a))**

43.     Plaintiffs repeat and reallege the allegations of the preceding paragraphs as though fully set forth herein.

44.     Defendant's promotion, advertising, distribution, sale, and/or offering for sale of the Accused Products is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the Accused Products, and is intended and likely to cause such parties to believe, in error, that the Accused Products have been authorized, sponsored, approved, endorsed or licensed by

Plaintiffs, or that Defendant is in some way affiliated with Coach.

45.    The foregoing acts of Defendant constitute a false designation of origin, and false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

46.    Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

47.    Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

48.    Defendant's acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

49.    In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendant from using any of the Coach Trademarks and/or any marks identical and/or confusingly similar thereto, and to recover from Defendant all damages, including attorney's fees, that Plaintiffs have sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a).

## THIRD CLAIM FOR RELIEF

### (Trademark Infringement under California Common Law)

50.    Plaintiffs repeat and reallege the allegations of the preceding paragraphs as though fully set forth herein.

51.    Plaintiffs own all rights, title, and interest in and to the Coach Trademarks, including the COACH Mark, Coach Lozenge, Coach 1941 Mark, Hangtag Design, Coach New York Mark, Story Patch, Horse and Carriage Logo and Signature C Mark, including all common law rights in said marks.

52.    Defendant, without authorization from Plaintiffs, used and continues to use spurious designations that are identical to, substantially indistinguishable from, or confusingly similar to the Coach Trademarks, including the COACH Mark, Coach

Lozenge, Coach 1941 Mark, Hangtag Design, Coach New York Mark, Story Patch, Horse and Carriage Logo and Signature C Mark.

53.     The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendant's Accused Products originate from, or are affiliated with, sponsored by, or endorsed by Coach.

54.     Upon information and belief, Defendant acted with knowledge of Plaintiffs' ownership of the Coach Trademarks, including the COACH Mark, Coach Lozenge, Coach 1941 Mark, Hangtag Design, Coach New York Mark, Story Patch, Horse and Carriage Logo and Signature C Mark, and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

55.     Defendant's acts constitute trademark infringement in violation of the common law of the state of California.

56.     Upon information and belief, Defendant made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

57.     Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

58.     Defendant's acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

**(Unfair Competition Under California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200 et seq.)**

59.     Plaintiffs repeat and reallege the allegations of the preceding paragraphs as though fully set forth herein.

60.     Defendant's appropriation, adoption and use of the COACH Mark, Coach Lozenge, Coach 1941 Mark, Hangtag Design, Coach New York Mark, Story Patch, Horse and Carriage Logo and Signature C Mark in connection with the sale and

offering for sale of goods is likely to confuse or mislead consumers into believing that Defendant's goods are authorized, licensed, affiliated, sponsored, and/or approved by Plaintiffs, thus constituting a violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, *et. seq*. ("UCL").

61.    Upon information and belief, Defendant's deceptive, unfair, and fraudulent business practices were willfully undertaken with full knowledge of Plaintiffs' rights in the Coach Trademarks and with the intent to misappropriate Plaintiffs' goodwill and reputation established in the Coach Trademarks.

62.    Defendant's conduct is unfair within the meaning of the UCL because it allows Defendant to benefit unjustly by virtue of the goodwill and positive reputation that members of the general public associate with Coach and its products. As described herein, and on information and belief, Defendant has intentionally violated, and continues to violate, Plaintiffs' rights in the Coach Trademarks to enjoy the commercial benefits derived therefrom.

63.    Defendant's conduct is fraudulent in violation of the UCL because Defendant is willfully and deliberately misleading the public by using in commerce reproductions, counterfeits, copies, and/or colorable imitations of authentic Coach products.

64.    This conduct is likely to confuse the public as to whether Defendant's products are somehow associated, affiliated, or connected with Coach, or vice versa.

65.    As a direct and proximate result of the foregoing acts, Coach has suffered and will continue to suffer significant injuries in an amount to be determined at trial. Coach is entitled to all available relief provided for under the UCL, including an accounting and disgorgement of all illicit profits that Defendant made on account of its deceptive, unfair, and fraudulent business practices. Furthermore, because Coach has no adequate remedy at law for Defendant's ongoing unlawful conduct, Coach is entitled to injunctive relief prohibiting Defendant from unfair competition.

## FIFTH CLAIM FOR RELIEF

**(Unfair Competition Under California Common Law)**

66.     Plaintiffs repeat and reallege the allegations of the preceding paragraphs as though fully set forth herein.

67.     Coach owns and enjoys common law trademark rights to the Coach Trademarks in California and throughout the United States.

68.     Defendant's unlawful acts in appropriating rights in the Coach Trademarks was intended to capitalize on Coach's goodwill for Defendant's own pecuniary gains. Coach has expended substantial time, resources and effort to obtain an excellent reputation for itself and the Coach Trademarks. As a result of Coach's efforts, Defendant is now unjustly enriched and benefiting from property rights that rightfully belong to Plaintiffs.

69.     Defendant's unauthorized use of the Coach Trademarks has caused and is likely to cause confusion as to the source of Defendant's products, all to the detriment of Plaintiffs.

70.     Defendant's acts are willful, deliberate, and intended to confuse the public and to injure Plaintiffs.

71.     Defendant's acts constitute unfair competition in violation of the common law of the state of California.

72.     Plaintiffs have been irreparably harmed and will continue to be irreparably harmed as a result of Defendant's unlawful acts unless Defendant is permanently enjoined from its unlawful conduct.

73.     The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiffs in reckless disregard of Plaintiffs' rights in the Coach Trademarks. Said conduct was despicable and harmful to Plaintiffs and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendant and to deter Defendant from similar such conduct in the future.

74.     Plaintiffs have no adequate remedy at law.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

75.    In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendant from using the Coach Trademarks or marks identical and/or confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Tapestry, Inc., Coach Services, Inc., and Coach IP Holdings LLC respectfully request that this Court enter judgment in their favor and against Defendant Triple Five, Inc. as follows:

1.    Finding that:

a.    Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a));

b.    Defendant has engaged in trademark infringement and unfair competition under the common law of the state of California;

c.    Defendant has engaged in unfair competition in violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, et. seq.; and

2.    An order granting temporary, preliminary, and permanent injunctive relief restraining and enjoining Defendant, its agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them from using the Coach Trademarks, including, but not limited to:

a.    Manufacturing, designing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products that bear the Coach Trademarks or any other marks substantially indistinguishable from or confusingly similar thereto, including, without limitation, the Accused Products, and engaging in any other activity constituting an infringement of any of Coach's rights in the Coach Trademarks; or

b.     Engaging in any other activity constituting unfair competition with Plaintiffs, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations or designs associated with the Coach brand;

3.     Ordering Defendant to recall from any distributors and retailers and to deliver to Plaintiffs for destruction or other disposition all remaining inventory of all Accused Products and related items, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

4.     Ordering Defendant to file with this Court and serve on Plaintiffs within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

5.     Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been manufactured, designed, imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendant, has been authorized by Plaintiffs, or is related in any way related to, connected to, or affiliated with the Coach brand;

6.     Ordering an accounting by Defendant of all gains, profits and advantages derived from their wrongful acts;

7.     Awarding Plaintiffs all of Defendant's profits and all damages sustained by Plaintiffs as a result of Defendant's wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

8.     Awarding Plaintiffs actual and punitive damages to which they are entitled under applicable federal and state laws;

9.     Awarding treble damages in the amount of Defendant's profits or Plaintiffs' damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b);

10.     Awarding Plaintiffs statutory damages pursuant to 15 U.S.C. § 1117(c);

11.     Awarding applicable interest, costs, disbursements and attorneys' fees;

12.     Awarding Plaintiffs punitive damages in connection with their claims under California law; and

13.     Awarding Plaintiffs such additional and further relief as the Court deems just and proper.


Dated:  January 8, 2024                    BLAKELY LAW GROUP

                                           By:   */s/ Jamie Fountain*
                                                 Brent H. Blakely
                                                 Jamie Fountain
                                                 **Attorneys for Plaintiffs Tapestry, Inc. Coach Services, Inc., and Coach IP Holdings LLC**

# **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs Tapestry, Inc., Coach Services, Inc., and Coach IP Holdings LLC hereby demand a trial by jury as to all claims in this litigation.


Dated:  January 8, 2024                    BLAKELY LAW GROUP


                                   By:    */s/ Jamie Fountain*
                                          Brent H. Blakely
                                          Jamie Fountain
                                          **Attorneys for Plaintiffs Tapestry,
                                          Inc. Coach Services, Inc., and
                                          Coach IP Holdings LLC**

# EXHIBIT A

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,088,706 | COACH | 6, 9, 16, 18, 20 and 25 for *inter alia* key fobs, eyeglass cases, cellular phone cases, satchels, tags for luggage, luggage, backpacks, picture frames, hats, gloves and caps. | August 19, 1997 | COACH |
| 3,157,972 | COACH | 35 for retail store services. | October 17, 2006 | COACH |
| 0,751,493 | COACH | 14 for leather goods, namely, utility kits, portfolios, key cases, comb cases, pass cases, money clips, billfolds, wallets, pocket secretaries, stud cases, jewel cases, and leather book covers. | June 25, 1963 | COACH |
| 2,451,168 | COACH | 9 for eyeglasses. | May 15, 2001 | COACH |
| 4,105,689 | COACH | 9 for sunglasses. | February 28, 2012 | COACH |
| 2,537,004 | COACH | 24 for *inter alia* home furnishings. | February 5, 2002 | COACH |
| 1,846,801 | COACH | 25 for *inter alia* men's and women's coats and jackets. | July 26, 1994 | COACH |
| 3,439,871 | COACH | 18 for *inter alia* umbrellas. | June 3, 2008 | COACH |
| 2,231,001 | COACH | 25 for *inter alia* clothing for men, women and children namely, coats, jackets, overcoats, raincoats, shirts, vests, scarves, shoes and belts. | March 9, 1999 | COACH |
| 3,354,448 | COACH | 14 for *inter alia* jewelry. | December 11, 2007 | COACH |
| 2,446,607 | COACH | 16 for *inter alia* writing instruments. | April 24, 2001 | COACH |

1

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,291,341 | COACH | 14 for *inter alia* clocks and watches. | November 9, 1999 | COACH |
| 1,071,000 | COACH | 18, 25 for *inter alia* women's handbags, carry-on luggage, and men's and women's belts. | August 9, 1977 | COACH |
| 3,633,302 | COACH | 3 for *inter alia* perfumes, lotions and body sprays. | June 2, 2009 | COACH |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 2,252,847 | COACH & LOZENGE DESIGN | 35 for retail services. | June 15, 1999 | COACH |
| 2,291,368 | COACH & LOZENGE DESIGN | 14 for *inter alia* watches. | November 9, 1999 | COACH |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 2,169,808 | COACH & LOZENGE DESIGN | 25 for *inter alia* clothing for men and women, namely, coats, jackets, scarves, shoes, and belts. | June 30, 1998 | COACH |
| 2,035,056 | COACH & LOZENGE DESIGN | 3, 21 for *inter alia* leather cleaning products and shoe brushes. | February 4, 1997 | COACH |
| 2,626,565 | CC & DESIGN (Signature C) | 18 for *inter alia* handbags, purses, clutches, shoulder bags, tote bags, and wallets. | September 24, 2002 | |
| 2,822,318 | CC & DESIGN (Signature C) | 24 for *inter alia* fabric for use in the manufacture of clothing, shoes, handbags, and luggage. | March 16, 2004 | |
| 2,832,589 | CC & DESIGN (Signature C) | 6, 9, 14, 18, for *inter alia* sunglasses and eye glass cases, leather goods, metal key fobs, leather key fobs jewelry, watches, umbrellas. | April 13, 2004 | |

2

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,592,963 | CC & DESIGN (Signature C) | 25 for *inter alia* clothing namely, scarves, belts, gloves, hats, shoes, coats, jackets. | July 9, 2002 | |
| 2,822,629 | CC & DESIGN (Signature C) | 35 for retail services. | March 16, 2004 | |
| 3,396,554 | AMENDED CC & DESIGN (Signature C) | 3 for *inter alia* fragrances. | March 11, 2008 | |
| 3,149,330 | C & LOZENGE LOGO | 14 for watches. | September 26, 2006 | |
| 2,162,303 | COACH & TAG DESIGN | 25 for belts. | June 2, 1998 | |
| 4,744,715 | COACH NEW YORK & DESIGN | 18 for *inter alia* handbags, small leather goods, luggage, umbrellas | May 26, 2015 | |
| 4,744,718 | COACH NEW YORK & DESIGN | 25 for *inter alia* clothing, coats, belts, gloves, shoes | May 26, 2015 | |
| 4,744,719 | COACH NEW YORK & DESIGN | 3 for fragrances, leather cleaners and moisturizers | May 26, 2015 | |
| 4,744,720 | COACH NEW YORK & DESIGN | 9 for sunglasses, eyewear, cell phone cases, tablet covers and cases | May 26, 2015 | |
| 4,744,721 | COACH NEW YORK & DESIGN | 14 for jewelry and watches | May 26, 2015 | |
| 4,744,722 | COACH NEW YORK & DESIGN | 20 for *inter alia* key fobs and key rings not of metal | May 26, 2015 | |

3

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 4,814,094 | COACH NEW YORK & Design | 18 for handbags; purses; tote bags; clutch purses; wristlet bags; shoulder bags; messenger bags; duffle bags; backpacks; briefcases; travel bags; luggage; garment bags for travel; bags for carrying babies' accessories; cosmetic cases sold empty; and toiletry cases sold empty. | September 15, 2015 | COACH NEW YORK |
| 4,754,870 | COACH NEW YORK | 3, 6 for fragrances; key fobs of common metal; and metal rings and chains for keys. | June 16, 2015 | COACH NEW YORK |
| 5,004,497 | COACH 1941 | 18, 25 for *inter alia* handbags, small leather goods, jackets, clothing, coats and shoes. | July 19, 2016 | COACH 1941 |
| 5,045,622 | HANGTAG SHAPE DESIGN | 18 for *inter alia* briefcases, handbags, satchels, tote bags, duffle bags, cosmetic bags, wallets, luggage. | September 20, 2016 | |

4